UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| CHIKE OKAFOR, <br><br>    Plaintiff, <br><br>v. <br><br>UNITED STATES OF AMERICA, <br><br>    Defendant. <br>_____/ | No. C 14-1002 LB <br><br>**ORDER DENYING THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND DENYING PLAINTIFF'S MOTION FOR RETURN OF PROPERTY** <br><br>[Re: ECF Nos. 1, 14] |

**INTRODUCTION**

Plaintiff Chike Okafor filed a Motion for Return of Property under Rule 41(g) of the Federal Rules of Criminal Procedure, the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), and the Due Process clause of the Fifth Amendment, regarding the administrative forfeiture by the Drug Enforcement Administration ("DEA") of $99,500 in United States currency seized from Plaintiff. ECF No. 1.[1] The government opposed the motion and moved to dismiss for lack of jurisdiction. ECF No. 14.[2] Following a hearing on July 3, 2014, the court denies the government's motion to

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

[2] The parties consented to magistrate judge jurisdiction under 28 U.S.C. § 686(c). *See* ECF Nos. 7, 20.

1 dismiss for lack of jurisdiction and denies Plaintiff's motion for return of property for the reasons
2 stated below.

## STATEMENT

### I. FACTUAL ALLEGATIONS

On April 4, 2013, DEA agents at San Francisco International Airport seized $99,500 from Plaintiff's carry-on bag after a trained narcotics canine alerted to the cash, and following a search to which he consented. By Notice bearing a mailing date of May 1, 2013, the DEA informed Plaintiff that the $99,500 had been seized and was subject to forfeiture pursuant to 21 U.S.C. § 881 because the property was used or acquired as a result of a violation of the Controlled Substances Act. *See* Rashid Decl., Exhibit 2. ECF No. 12. The Notice provided Plaintiff with a deadline of June 5, 2013 by which to file a claim contesting the forfeiture. *Id.*

Plaintiff's counsel David Michaels submitted a declaration in support of Plaintiff's motion declaring under oath that on June 4, 2013, he personally delivered a FedEx envelope containing Plaintiff's administrative claim, along with a cover letter that he had drafted, to the FedEx office on Shattuck Avenue in Berkeley, California. *See* Michaels Decl. at ¶ 3, ECF No. 3. He asserts that he delivered the envelope before the 5:15 deadline on June 4, 2013 for delivery before 10:30 a.m. on June 5, 2013. *Id.*; *see also* FedEx priority overnight airbill, Ex. B. to Michaels Decl. (dated "May 4, 2013"and stamped received by the DEA on June 6, 2013). The airbill does not have any markings on it that show when or where it was actually received by FedEx.

Plaintiff also provided the court with a printout of the tracking information for this envelope available on the FedEx website. Michael's Decl., Ex. L, ECF No. 3. This printout shows that the package was picked up on June 5, 2013 at 4:49 p.m. at Emeryville, CA. The envelope was delivered to the DEA on June 6, 2013, at 9:03 a.m., after the June 5, 2013 deadline.[3] *Id*.

Michaels states in his declaration that "I have reviewed this delivery with FedEx and they,

---

[3] If the envelope had arrived at 4:59 p.m. on June 5, 2013, then presumably it would have been timely. It arrived at 9:03 a.m. on June 6, 2013. The court does not know but presumes that the DEA's office hours are 9:00 a.m. to 5:00p.m. The practical reality of this is that the envelope arrived approximately 5 minutes after the deadline.

C 14-01002 LB
ORDER                                         2

mysteriously, only trace the package back to the Emeryville processing center and lose track of its location prior to that time." *Id.* ¶ 3. He does not provide any more information about the nature or substance of this review. He concludes that "it is obvious to [him] that, for some reason, the package was lost or misplaced in the Berkeley drop-off office on 4 June 2013, and inadvertently found in the Emeryville processing center the next day, which accounts for its delivery to DEA on 6 June, 2013." *Id.* He provides no further information or documentation regarding the delivery of the envelope.

On June 13, 2013, the DEA sent a letter to Plaintiff's counsel stating that the claim was untimely because it was received after the June 5, 2013, deadline and offering Plaintiff twenty days to file a Petition for Remission and/or Mitigation. *See* Michaels Decl., Ex. C, ECF No. 3. Counsel responded by letter on July 15, 2013, asserting that because the letter and claim were timely sent, the DEA should consider the claim to be timely because the untimely receipt was not due to inadvertence or error on the part of Plaintiff. *See* Michaels Decl. Ex. D, ECF No. 3. Plaintiff reiterated this position in a series of letters to the DEA and urged the DEA to exercise its discretion to consider the claim as timely filed. *See id.* For its part, the DEA maintained its position that the claim was untimely but continued to offer Plaintiff the option of filing a Petition for Remission or Mitigation. *See* Michaels Decl. Exs. D-J. Ultimately, the DEA construed Plaintiff's correspondence as a Petition for Remission or Mitigation and denied it. Rashid Decl., Ex. 19, ECF No. 12.

## II. PROCEDURAL HISTORY

Plaintiff filed the instant motion and counsel's supporting declaration on March 4, 2014. ECF Nos. 1, 3. On March 31, 2014, the DEA denied Plaintiff's Petition for Remission or Mitigation of the forfeiture on the basis that there was probable cause, based on the facts, to conclude that the seized currency was furnished or was intended to be furnished in exchange for a controlled substance in violation of 21 U.S.C. § 881(a)(6). *See* Rashid Decl., Ex. 19, ECF No. 12. On May 15, 2014, the government filed a Motion to Dismiss for Lack of Jurisdiction and an Opposition to Plaintiff's Motion for Return of Property. *See* ECF No. 14. Plaintiff filed a Reply on May 20, 2014. ECF No. 15. The government filed a Reply on June 5, 2014. ECF No. 16.

**ANALYSIS**

**I. THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION**

The threshold issue is whether the court has jurisdiction to review Plaintiff's motion.

A defendant may move, as the government has moved here, for dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. Because a plaintiff seeks to invoke federal jurisdiction by filing a complaint in federal court, a plaintiff bears the burden of establishing that jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). Hence, a plaintiff must plead sufficient facts in the complaint to establish the court's jurisdiction. Fed. R. Civ. P. 8(a)(1).

A defendant may mount either a facial or a factual challenge to the court's jurisdiction in a motion to dismiss under Rule 12(b)(1). *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial attack asserts that the lack of federal jurisdiction appears on the face of the complaint. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In this context, a court must "accept all allegations of fact in the complaint as true and construe them in the light most favorable to the plaintiffs." *See id.* By contrast, with a factual challenge, courts do not accept as true all facts in a plaintiff's complaint and may evaluate extrinsic evidence and resolve factual disputes when necessary. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). Where a defendant asserts a factual challenge by presenting affidavits or other evidence, the party opposing the motion must present sufficient evidence to support the court's subject-matter jurisdiction. *See Savage v. Glendale Union High School, Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003). Dismissal of a complaint without leave to amend should be granted only where the jurisdictional defect cannot be cured by amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

In support of its motion to dismiss for lack of subject-matter jurisdiction, the government asserts that 18 U.S.C. § 983(e) provides the sole mechanism to a challenge to an administrative forfeiture, and that such a challenge is precluded here. The government argues that the only basis under § 983

for a Motion for Return of Property is where a plaintiff has not received adequate notice of the claim filing procedure. As it is undisputed here that Plaintiff received such notice, the government asserts that the Court has no jurisdiction to hear his Motion.

Plaintiff argues that pursuant to Rule 41(g), 18 U.S.C. §§ 981 and 983, the Due Process Clause of the Fifth Amendment, and principles of equitable jurisdiction, this court may review the DEA's decision to treat his claim as untimely despite what he asserts was his good-faith attempt to timely file his claim.

In 2000, Congress enacted the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), which substantially altered the process of asset forfeiture for assets used to facilitate criminal activity. *See* Pub. L. 106-185, 114 Stat. 202 (2000). Pursuant to CAFRA, agencies were given a greater role in the forfeiture process in that CAFRA authorizes the seizing agency to administratively forfeit assets valued up to $500,000 once the seizing agency has comported with the requirements of due process. *See generally* Cassella, S.D., *Asset Forfeiture in the United States* (2d Ed. 2013) ("Cassella"), Chapter 4.

Under CAFRA, the seizing agency is required to send notice to potential claimants within 60 days of the seizure. 18 U.S.C. § 983(a)(1). A person claiming seized property is required to file a claim with the seizing agency by the deadline set forth in the notice (which deadline may not be earlier than 35 days after the notice is mailed). 18 U.S.C. § 983(a)(2)(B). A claim must be made under oath, and it must identify the property claimed and the claimant's interest in the property. 18 U.S.C. § 983(a)(2)(C). If no timely claim has been filed, the seizing agency administratively forfeits the property. 19 U.S.C. §§ 1607, 1609. If a timely claim has been filed, the seizing agency refers the seizure to the United States Attorney for the filing of a judicial forfeiture action within 90 days of the date the claim was filed. 18 U.S.C. § 983(a)(3)(A).

The parties do not dispute that the DEA provided Plaintiff with timely and adequate notice of the forfeiture action. Nor is there a dispute that Plaintiff's claim notice to the DEA was received after the June 5, 2013 deadline. The parties dispute, however, the effect that these facts have on the court's jurisdiction in light of Plaintiff's claim that the untimely receipt of the claim was due to factors outside his control and in spite of his diligent effort to timely file his claim.

The government argues that Plaintiff's sole basis for invoking the jurisdiction of this Court would be if there had been a defect in the notice to him of the forfeiture, and as there was none, he is without any avenue for judicial review. In support of this position, the government cites to CAFRA and the limited judicial review of administrative forfeitures set out in 18 U.S.C. § 983(e), which provides that:

> (1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if--
>
> > (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
> >
> > (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.
>
> . . .
>
> (5) A motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute.

18 U.S.C. § 983(e).

Plaintiff argues that the Court should exercise its equitable power to toll the statutory deadline for filing a claim and order the DEA to consider Plaintiff's claim as timely filed. Plaintiff refers to Federal Rule of Criminal Procedure 41(g) as providing a basis for this Court's jurisdiction over his motion for return of property. Rule 41(g) states the following:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).

While Rule 41(g) is primarily used post-indictment to seek return of property, the Ninth Circuit has permitted such a motion in cases where no criminal proceedings are pending against the movant. *See*, *e.g.*, *United States v. Kama*, 394 F.3d 1236, 1237-38 (9th Cir. 2005). In *Kama*, the Ninth Circuit treated the motion as a civil equitable proceeding. *Id*.

Neither party has cited to the Court, nor is the Court aware of, any binding Ninth Circuit

precedent on this issue. As support for its position, the government cites to a number of non-binding cases, all of which support its position that exercising equitable jurisdiction is inappropriate for a claimant who receives timely notice from the agency and who does not challenge the forfeiture through the administrative process. *See Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005): *Gonzalea v. United States Dept. of Justice*, No. CV F 13–0575 LJO SKO, 2013 WL 5739090, at *4-7 (E.D. Cal. 2013); *United States v. Account 004969071257,* No. 2:06–SW–0336–DAD, 2012 WL 1194171, at *1-2 (E.D. Cal. 2012).

The government also filed a copy of a decision from the Central District of California denying a motion for return of property. *See* ECF No. 13 (attaching *Evans v. United States of America*, No. C 14-0525 MWF (C.D. Cal May 13, 2014)). The case addresses the issue of a court's jurisdiction over a motion for return of property based on a challenge to a DEA finding that forfeiture claim was untimely.

In *Evans*, the DEA seized cash from Evans while he was at the airport. Evans received Notices of the seizure.[4] In response to the Notices, Evans's counsel caused a letter, which was both a petition for mitigation and a claim contesting the forfeiture, to be delivered to the office of the Forfeiture Counsel in two different ways. The first copy was personally delivered by a process server on the last day for filing the claim. The process server delivered it at 6:19 p.m., after the Forfeiture Counsel's office was closed. The second copy of the letter arrived the next day by Federal Express. *Id.* at 2.

The DEA found the claim to be untimely filed and so did not consider it, but it considered the mitigation petition to be timely and reviewed the mitigation petition. The DEA ultimately found that the petition failed to meet the requirements for mitigation or remission. *Id*. at 3.

Evans then filed with the court a Motion for Return of Property under Federal Rule of Criminal Procedure 41(g). The court stated that as a threshold matter, a motion for equitable relief under Rule 41(g) must be denied if the claimant plaintiff had an adequate remedy at law. *Id.* A properly

---

[4] Evans received two notices because there were two separate sums seized, but Evans was the owner of the entire amount.

conducted administrative forfeiture proceeding would have been an adequate remedy. *Id.* at 3-4. The court therefore first had to determine whether there had been a defect in the forfeiture process which would render the legal remedy "essentially unavailable." *Id.* at 4.

Citing to a district court decision in the Northern District of California, Evans argued that the DEA wrongly found his claim to be untimely, thereby depriving him of the legal remedy of the administrative forfeiture process. *Id*. (citing *Conkey v. United States*, 545 F. Supp. 2d 1013, 1015 (N.D. Cal. 2008)). The *Evans* court, like the *Conkey* court, found that while the court would normally not have had the jurisdiction to hear the motion for return of property, under the facts the court could determine the adequacy of the administrative process as an issue of due process. *Id.*

Evans argued that DEA should have considered his claim to be timely because (1) the Notice did not state that the cut-off time for delivery was 5:00 p.m. and (2) the only reason that delivery took place after 5:00 p.m. was because his attorney was ill. *Id.* at 5.

Ultimately the court ruled against Evans, primarily on the ground that he had adequate notice that the claims were due by close of business, and delivery took place after that time. *Id.* at 5-8. What is relevant here is that the *Evans* court determined that it had jurisdiction to look at the factual bases for Evans's argument that the agency improperly found his claim to be untimely. *Id.* at 3-4; *accord Conkey*, 545 F. Supp. 2d at 1015-16; *see also* Cassella, S.D., *Asset Forfeiture in the United States* (2d Ed. 2013) §5-3b & n. 20 (collecting cases allowing claimants to file actions for equitable relief post-CAFRA raising challenges to a seizing agency's determination that a claim was untimely). In light of the lack of any binding authority holding otherwise, the Court finds the *Evans* court's approach to be persuasive and finds that it has equitable jurisdiction to review Plaintiff's Motion for Return of Property. Accordingly, the Court **DENIES** the government's Motion to Dismiss for Lack of Jurisdiction.

## II. PLAINTIFF'S MOTION FOR RETURN OF PROPERTY

Now that the Court has determined that it has equitable jurisdiction, it can address the substance of Plaintiff's Motion for Return of Property. Plaintiff asks the Court alternatively to order the DEA to return his property or to deem the claim timely and direct the DEA to file a judicial complaint for forfeiture within 90 days or return Plaintiff's property. Even if the Court concluded that the DEA

should consider the claim as timely filed, the proper remedy for Plaintiff is to permit the administrative process to continue forward as if the claim had been timely filed. *See, e.g., In re Return of Seized $11,915 in United States Currency*, 2012 WL 2921221 (S.D. Cal. July 17, 2012).

The issue then is whether the circumstances advanced by Plaintiff support construing his claim as timely filed.

Equitable tolling of the statutory period is appropriate where the claimant (1) diligently pursues his rights, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *In re Return of Seized $11,915 in U.S. Currency*, 12CV398 JM DJB, 2012 WL 2921221 (S.D. Cal. July 17, 2012) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The decision to exercise equitable jurisdiction is highly discretionary and must be exercised with caution and restraint. *United States v. Eubanks*, 169 F.3d 672, 674 (11th Cir. 1999) (citing *Matter of Sixty Seven Thousand Four Hundred Seventy Dollars ($67,470.00)*, 901 F.2d 1540, 1543 (11th Cir. 1990)).

At the July 3, 2014 hearing, the Court asked the government whether it disputed that under *Evans*, *Conkey*, and the authorities cited in the Cassella treatise in section 5-3b and note 20, the undersigned has equitable jurisdiction to consider whether the DEA's determination that the claim was untimely deprived Plaintiff of an adequate remedy at law. The government responded despite this authority, its position remained that the court does not have jurisdiction. Thus, the government contended that the only issue is whether notice was sent under CAFRA. The government argued that it was, and Plaintiff's failure to file a timely claim resulted in an administrative forfeiture without any avenue for judicial review.

That being said, *Evans* and the other authorities cited earlier support the Court's ability to consider whether the fact record supports a finding of extraordinary circumstances and equitable tolling that merit remand to the DEA to consider the claim. The factual record consists of the following: (1) counsel's declaration dated March 4, 2014 (almost a year after the fact) that he timely delivered the envelope to the FedEx office in Berkeley; (2) a FedEx mailing label with a hand-printed date of May 4, 2013, but no markings from FedEx showing receipt or processing; and (3) a printout of the tracking information from FedEx showing that it picked up the envelope from Emeryville on June 5, 2013 at 4:49 p.m., which necessarily means that it could not have been

1 delivered on time to the DEA in Virginia on June 5, 2013, and the untimely delivery on June 6,
2 2013, a day late, to the DEA in Virginia.
3 At the hearing, the Court asked Plaintiff's counsel whether there was any additional information
4 that existed to supplement the record about whether the letter was timely delivered to Federal
5 Express. Counsel responded that there was not.
6 Given these circumstances, the Court concludes that the DEA did not violate 18 U.S.C. §
7 983(a)(2)(B) by finding the claim to be untimely. As the government pointed out at the hearing,
8 there was adequate notice and time to file a claim. While the Court is not so categorical as the
9 government, which argued that even the equivalent of a force majeure for the period from notice to
10 the claims deadline would not excuse a late claim, the record here does not support a finding of
11 extraordinary circumstances justifying equitable tolling. Accordingly, the court **DENIES** Plaintiff's
12 Motion for Return of Property.

**CONCLUSION**

Based on the foregoing, the Court **DENIES** the government's Motion to Dismiss for Lack of Jurisdiction and **DENIES** Plaintiff's Motion for Return of Property.

This disposes of ECF Nos. 1 and 14.

**IT IS SO ORDERED.**

Dated: July 3, 2014

_____
LAUREL BEELER
United States Magistrate Judge