UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| CHIKE OKAFOR | No. C 14-1002 LB |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |
| v. | |
| UNITED STATES OF AMERICA, | [Re: ECF No. 23] |
| Defendant. | |

## INTRODUCTION

Plaintiff Chike Okafor filed a Motion for Return of Property under Rule 41(g) of the Federal Rules of Criminal Procedure, the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), and the Due Process clause of the Fifth Amendment, regarding the administrative forfeiture by the Drug Enforcement Administration ("DEA") of $99,500 in United States currency seized from Plaintiff. ECF No. 1. The government opposed the motion and moved to dismiss for lack of jurisdiction. ECF No. 14. Following a hearing on July 3, 2014, the court denied the government's motion to dismiss for lack of jurisdiction, but also denied the Plaintiff's motion for return of property. Plaintiff has now filed a motion for leave to file a motion for reconsideration. ECF No. 23.[1] For the reasons

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the page.

C 14-1002 LB
ORDER

set forth below, the court denies the motion.

**STATEMENT**

**I. FACTUAL ALLEGATIONS**

On April 4, 2013, DEA agents at San Francisco International Airport seized $99,500 from Plaintiff's carry-on bag after a trained narcotics canine alerted to the cash, and following a search to which he consented.  By Notice bearing a mailing date of May 1, 2013, the DEA informed Plaintiff that the $99,500 had been seized and was subject to forfeiture pursuant to 21 U.S.C. § 881 because the property was used or acquired as a result of a violation of the Controlled Substances Act.  *See* Rashid Decl. Ex. 2, ECF No. 12.  The Notice provided Plaintiff with a deadline of June 5, 2013 by which to file a claim contesting the forfeiture.  *Id.*

Plaintiff's counsel David Michael submitted a declaration in support of Plaintiff's motion declaring under oath that on June 4, 2013, he personally delivered a FedEx envelope containing Plaintiff's administrative claim, along with a cover letter that he had drafted, to the FedEx office on Shattuck Avenue in Berkeley, California.  *See* Michael Decl. ¶ 3, ECF No. 3.  He asserts that he delivered the envelope before the 5:15 p.m. deadline on June 4, 2013 for delivery before 10:30 a.m. on June 5, 2013.  *Id.*; *see also* FedEx priority overnight airbill, Michael Decl. Ex. B. (dated "May 4, 2013" and stamped received by the DEA on June 6, 2013).  The airbill does not have any markings on it that show when or where it was actually received by the FedEx office or even which office received it.

Plaintiff also provided the court with a printout of the tracking information for this envelope available on the FedEx website.  *Id.* Ex. L.  This printout shows that the envelope was picked up on June 5, 2013 at 4:49 p.m. at Emeryville, CA.  The envelope was delivered to the DEA on June 6, 2013, at 9:03 a.m., after the June 5, 2013 deadline.  *Id.*  On June 13, 2013, the DEA sent a letter to Plaintiff's counsel stating that the claim was untimely and offered Plaintiff twenty days to file a Petition for Remission and/or Mitigation.  *See* Michael Decl. Ex. C, ECF No. 3.  As part of the motion for return of property, Plaintiff's counsel Michael stated in his declaration that "I have reviewed this delivery with FedEx and they, mysteriously, only trace the package back to the Emeryville processing center and lose track of its location prior to that time."  *Id.* ¶ 3.  He concluded

that "it is obvious to [him] that, for some reason, the package was lost or misplaced in the Berkeley drop-off office on 4 June 2013, and inadvertently found in the Emeryville processing center the next day, which accounts for its delivery to DEA on 6 June, 2013." *Id.*

## II. PROCEDURAL HISTORY

Plaintiff filed the motion for return of property and counsel's supporting declaration on March 4, 2014. ECF Nos. 1, 3. On May 15, 2014, the government filed a single pleading which was both a Motion to Dismiss for Lack of Jurisdiction and an Opposition to Plaintiff's Motion for Return of Property. *See* ECF No. 14. Plaintiff filed a Reply on May 20, 2014. ECF No. 15. The government filed a Reply on June 5, 2014. ECF No. 16.

The court held a hearing on July 3, 2014. Counsel Michael was not in attendance, and Plaintiff was represented by another attorney, Edward Burch, from the Michael law firm. At the hearing, the court inquired as to whether there was any additional information that existed to supplement the record relating to the late filing, and counsel for Plaintiff indicated that there was none.

The court then issued an order on July 3, 2014 finding that while the court had jurisdiction, the factual record before the court did not support a finding of extraordinary circumstances justifying equitable tolling. ECF No. 22.

On July 14, 2014, Plaintiff filed, pursuant to Civil Local Rule 7-9, a request for leave of court to file a motion for reconsideration of this court's prior Order of 7/3/2014, denying the government's motion to dismiss but also denying Plaintiff's motion to return property.[2] The court ordered the government to file a response to Plaintiff's request, and the government did so on July 29, 2014. ECF No. 27.

## ANALYSIS

## I. LEGAL STANDARD

Under Civil Local Rule 7-9(a), a party must seek permission from the court prior to filing a

---

[2] In his current Motion, Plaintiff now characterizes his prior Motion as a "Request for Equitable Tolling of Statute by One Day." See ECF No. 23.

motion for reconsideration. N.D. Cal. Civ. L.R. 7-9(a).[3] In seeking permission from the court, the moving party must specifically show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

N.D. Cal. Civ. L.R. 7-9(b).

Even if the court grants a party leave to file a motion for reconsideration, reconsideration is only appropriate in the "highly unusual circumstances" when (1) the court is presented with newly discovered evidence, (2) the underlying decision was in clear error or manifestly unjust, or (3) there is an intervening change in controlling law. *See School Dis. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." N.D. Cal. Civ. L.R. 7-9(c). "Unless otherwise ordered by the assigned Judge, no response need be filed and no hearing will be held concerning a motion for leave to file a motion to reconsider." N.D. Cal. Civ. L.R. 7-9(d).

## II. APPLICATION

As noted above, there are three possible bases for a court to grant leave for a motion for reconsideration. Plaintiff makes no argument that there has been any change in the law since the time of the hearing. Rather, Plaintiff's request hinges primarily on his contention that there has been

---

[3] Civil Local Rule 7-9(a) provides: "Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9 (b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."

a manifest failure by the court. The failure alleged is not that the court failed to consider material facts, as the court did consider all of the facts before it, but instead is that the court did not accord the "facts" that Plaintiff deems material and "undisputed" sufficient weight.

Plaintiff asserts that "the government did not dispute the facts alleged in Plaintiff's moving papers" and therefore this court was "mandated" to accept the "undisputed facts" presented by Plaintiff as both true and in a light most favorable to Plaintiff. This argument misconstrues the procedural posture of the case, the case law, and the nature of the "facts" presented to the court.

Plaintiff argues that the court "failed to put the government to its summary judgment burden" and that it also "failed to construe [Plaintiff's allegedly] undisputed facts 'in a light most favorable to the nonmoving party.'" Plaintiff cites *Stapley v. Pestalozzi*, 733 F.3d 804, 809 (9th Cir. 2013); *United States v. Ibrahim*, 522 F.3d 1003 (9th Cir. 2008); and *Kardoh v. U.S.*, 572 F.3d 697, 702 (9th Cir. 2009).[4]

In making this argument, Plaintiff misconstrues the procedural posture of the case. In lieu of a simple opposition to Plaintiff's Motion for Return of Property, the government had filed a Motion to Dismiss for Lack of Jurisdiction and an Opposition, both of which rested on the proposition that this Court did not have jurisdiction to hear the matter. The government's argument rested on the undisputed fact that Plaintiff had received adequate notice of the forfeiture proceeding. While in certain circumstances the Ninth Circuit has treated the opposition of the United States to a motion for return of property as a Rule 12(b)(6) motion for failure to state a claim or a motion for summary judgment, those cases are inapposite as in those cases there was a factual dispute as to whether Plaintiff received notice of the forfeiture.[5] *See Ibrahim*, 522 F.3d at 1003; *United States v. Ritchie*,

---

[4] The Court notes that Plaintiff relied on two of these same cases, *United States v. Ibrahim*, 522 F.3d 1003 (9th Cir. 2008) and *Kardoh v. United States*, 572 F.3d 697 (9th Cir. 2009) in his prior pleadings and that the new cases he has cited, *Stapley v. Pestalozzi,* 733 F.3d 2013) (9th Cir. 2013), was available at the time of the original hearing and is also inapposite.

[5] The government additionally argues that its Motion to Dismiss and Opposition would have had to have been treated as a motion to dismiss under Rule 12(b)(1), rather than a Rule 12(b)(6) motion. The Court concurs that there is no basis for converting a Rule 12(b)(1) motion into a motion for summary judgment.

1  342 F.3d 903 (9th Cir. 2003).

2  That is not the case here. There has never been any dispute as to the material facts that Plaintiff received adequate notice of the forfeiture, and that Plaintiff's claim to the DEA was untimely. Moreover, as a procedural matter, this court denied the government's Motion to Dismiss.

Procedurally then, what the court was left with was Plaintiff's request that the court exercise its equitable jurisdiction to toll the time period for receipt of his administrative claim. Plaintiff has acknowledged as much, as this is now the way he refers to his original motion. *See* Motion For Leave at 1.

As noted in the prior order, the decision to exercise equitable jurisdiction is highly discretionary and must be exercised with caution and restraint. *United States v. Eubanks*, 169 F.3d 672, 674 (11th Cir. 1999). This court gave careful consideration to the facts before it. The undisputed facts included the following: the Plaintiff had timely and adequate notice of the forfeiture; his administrative claim was untimely received; and FedEx records indicate that the envelope containing the administrative claim was received by them on a date that was untimely. Plaintiff's counsel argues that the only "material fact," and the one that this court should have elevated above all the others, was Plaintiff counsel's declaration that the FedEx records are inaccurate, as he declares that he timely delivered the package to FedEx in Berkeley.

At the hearing, the court solicited from Plaintiff's counsel whether there was anything more he wished to add to the factual record. There was nothing. Moreover, the only additional "facts" counsel has presented to the court now by way of his Motion for Leave are that he does not know where the Emeryville FedEx office is, and that he did not attend the motion hearing personally because he chose to attend a wedding out of town. Counsel also outlines for the benefit of the court his expertise in the field of asset forfeiture.[6]

---

[6] Where a critical administrative deadline is at play, experienced counsel must be aware of the risks in waiting to file something at the last possible minute, when there is no window for error on anyone's part. The court carefully considered all the facts, including Mr. Michael's account of them. The only issue was whether those facts supported equitable tolling, and the court concluded that they did not.

**UNITED STATES DISTRICT COURT**
For the Northern District of California

C 14-1002 LB
ORDER                            6

As discussed in detail above, Plaintiff has not demonstrated that there was a manifest failure by the court to consider the material facts before it, and therefore there is no basis for a Motion for Reconsideration.

## CONCLUSION

Based on the foregoing, Chike Okafor's Motion for leave to file a motion for reconsideration is **DENIED**.  This disposes of ECF No. 23.

**IT IS SO ORDERED.**

Dated:  September 26, 2014

_____
LAUREL BEELER
United States Magistrate Judge